UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLEN LILLEY, INDIVIDUALLY, AND ON BEHALF OF OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:07-cv-02762 |
| POST-NEWSWEEK STATIONS, HOUSTON, INC. | § § § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant's Motion for Summary Judgment and Objections to Plaintiff's Summary Judgment Evidence. For the following reasons, the Court finds that Defendant's Motion, (Doc. No. 20, redacted version Doc. No. 36), should be granted and its Objections to Plaintiff's Summary Judgment Evidence (Doc. No. 30) should be granted in part.

I. BACKGROUND

Plaintiff George Allen Lilley became interested in audio engineering as a teenager. During college and for a year after, Plaintiff worked for Houston's KHOU-TV Channel 11 as an audio operator, projectionist, and videotape operator. After five years at Channel 11, in 1971, Plaintiff was hired as an audio engineer for KPRC-TV Channel 2 ("KPRC") in Houston. In that role, he performed audio operations for the station's newscasts, helped produce commercials for local businesses, and worked on remote

1

broadcasts. Beginning in the 1980s, he took responsibility for repairing KPRC's audio equipment and installing new audio engineering systems in addition to his existing audio engineering duties.

The station's revenues decreased due to a slow market for television advertising and poor ratings for certain programs. (Sealed Doc. No. 20, Ex. B, 1-2.) As a result, in 2006, General Manager Larry Blackerby decided to eliminate some of the positions at the station. In addition, KPRC began cross-training its employees to perform more roles and continued to outsource more of its equipment maintenance. (Doc. No. 25, Ex. F, at 19.) Blackerby decided to implement what KPRC called a reduction in force ("RIF"). He delegated the decision as to which positions to cut to the department heads and instructed them to grade each employee on a letter system from A to F, like that used in schools. (Sealed Doc. No. 20, Ex. D, 57-58.)

During the spring of 2006, KPRC eliminated seven jobs: five full-time, and two part-time, positions. (Sealed Doc. No. 26, Ex. J.) Four of the full-time employees terminated were over the age of 55, one was under 40, and the two part-time employees were in their twenties.[1]

Two of the seven positions affected were in the engineering department that included the audio division where Plaintiff worked. In April 2006, Dale Werner, Post-Newsweek's Vice-President of Engineering, decided to terminate Plaintiff, then 59 years old, as well as a computer specialist, then 39 years old. After Plaintiff's departure, the audio division of the engineering department had four remaining employees, all younger than Plaintiff: three over 50, and one 36. Following Plaintiff's departure, at least one of

---

[1] The employees terminated were Stan Mathews (then 58 years old), William Parrot (63), Terry Garduno (62), Armando Brand (39), Jenny Johnson (27), and Melissa McDonald (29).

2

those employees specifically took over some of Plaintiff's audio maintenance duties although the work was spread throughout the division. (Sealed Doc. No. 26, Ex B, 178-79.) In addition, later that summer, KPRC hired another employee in the audio division. (Doc. No. 25, Ex I, at 39-40.)

After he was terminated, Plaintiff filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") on May 3, 2006, claiming that he had been laid-off based on his age. Before the EEOC concluded its investigation, Plaintiff requested a dismissal and a Notice of Right to Sue letter that the EEOC provided on May 30, 2007. On August 27, 2007, Plaintiff filed this lawsuit, claiming violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, and interference with his rights under KPRC's retirement plan in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff seeks declaratory and injunctive relief in addition to front and back pay, damages, fees, and costs. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II.  SUMMARY JUDGMENT STANDARD

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-

moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."); *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Crawford*, 234 F.3d at 902. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 130, 150-51 (2000) (quoting *Anderson*, 477 U.S. at 250-51).

## III. AGE DISCRIMINATION

Plaintiff alleges in his Complaint that KPRC engaged in age discrimination when it terminated him on April 20, 2006, when he was 59. In addition, Plaintiff argues that the RIF was a sham because he was replaced by a younger employee, or, in the alternative, a pretext for age discriminatory practices because it disparately impacted older employees. Further, KPRC's criteria for terminating employees allegedly included subjective factors, and the RIF procedures allegedly failed to comply with KPRC's collective bargaining agreement, more evidence of pretext.

KPRC denies that Plaintiff's age motivated its decision to terminate him. Instead, it alleges that financial difficulties required the station to eliminate several positions while it was redistributing the work. KPRC argues that Plaintiff has failed to make out a *prima facie* case of age discrimination because there were no other positions for which Plaintiff was qualified after the RIF. Further, it claims that even if Plaintiff has established a *prima facie* case, KPRC has presented a legitimate, non-discriminatory

4

reason for his termination: the RIF. Finally, KPRC argues that Plaintiff has failed to prove that he was clearly more qualified for the remaining positions than those employees retained because his recent evaluations were not as strong as those of the other engineers in the audio division.

### A. ADEA Framework

Under the ADEA, it is "unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). *Reeves*, 530 U.S. at 141. When a plaintiff alleges disparate treatment, "liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993); *Reeves*, 530 U.S. at 141. ADEA claims are subject to the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

> *McDonnell Douglas* instructs that the plaintiff must first establish a *prima facie* case of [age discrimination]. . . . Once the plaintiff presents a *prima facie* case, the defendant must then articulate a legitimate, nondiscriminatory reason for the questioned employment action. . . . If the defendant is able to do so, the burden shifts back to the plaintiff to produce evidence that the defendant's articulated reason is merely a pretext for discrimination.

*Bodenheimer v. PPG Industries, Inc.*, 5 F.3d 955, 957 (5th Cir. 1993); *Nichols v. Loral Vought Systems Corp.*, 81 F.3d 38, 40 (5th Cir. 1996). If the plaintiff can establish that defendant's articulated reason is pretext, and if the *prima facie* case is sufficiently strong, a trier of fact may be able to conclude that the employer unlawfully discriminated without additional evidence. *See Reeves*,

530 U.S. at 148 (finding that the district court properly submitted the case to the jury). Such a showing will not always be sufficient: whether summary judgment is appropriate depends on numerous factors, including "the strength of the plaintiff's *prima facie* case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered." *Price v. Federal Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (quoting *Reeves*, 530 U.S. at 148-49).

### B. Plaintiff has Presented a *Prima Facie* Case of Age Discrimination

In the case of an RIF, a *prima facie* case is established, by evidence that: "(1) the plaintiff is within the protected age group under the ADEA; (2) he or she is adversely affected by the employer's decision; (3) he or she was qualified to assume another position at the time of the discharge or demotion; and (4) ... [is] either circumstantial or direct, from which a fact finder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." *Chavarria v. Despachos Del Notre, Inc.*, 390 F.Supp.2d 591, 596-597 (S.D.Tex. 2005); *Woodhouse v. Magnolia Hosp.*, 92 F.3d 248, 252 (5th Cir. 1996); *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996). Here, Plaintiff was 59 years old at the time he was terminated, satisfying elements one and two of the *prima facie* case. *See* 29 U.S.C. § 631(a) (the protections under the ADEA are limited to individuals who are at least 40 years age).

To satisfy element three, the plaintiff must provide evidence that he was qualified to assume a position that remained after the RIF. *See Hopson v. E-System, Inc.*, No. 03:95-cv-0535, 1997 WL 457511, at *6-7 (N.D. Tex. August 4, 1997). If, after the RIF, there were no other positions available for which the plaintiff was qualified, he does not

6

make out a *prima facie* case. *See Chavarria*, 390 F.Supp.2d at 598-599; *Eugene v. Rumsfeld*, 168 F.Supp.2d 665, 669 (S.D. Tex. 2001). Here, however, KPRC continued to employ younger employees in the audio division who performed many of the same maintenance and audio operations duties as Plaintiff. In cases in which a plaintiff's duties continue to be performed after the RIF, courts have found that such plaintiff has met his *prima facie* burden. *See, e.g., McVicker v. Albemarle Corp.*, No. 97-0011, 2000 WL 1034541, *4 (M.D. La. June 26, 2000), *aff'd* 252 F.3d 434, 2001 WL 360710, *1 (5th Cir. 2001).

To satisfy element four, a plaintiff must present some evidence that the employer did not treat age neutrally. *See Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 812 (5th Cir. 1991). As to element four, a plaintiff meets his burden when an older employee is discharged rather than a younger employee. *Id.* at 811. In this instance, Plaintiff was let go at the same time KPRC retained a younger employee, then aged 36, in the audio division of the engineering department.[2] Thus, Plaintiff has made a *prima facie* case of age discrimination.

---

[2] In fact, all of the retained employees in the audio division were younger than Plaintiff, although only one was outside the protected ADEA class (employees were then ages 57, 53, 52, and 36). (SEALED Doc. No. 20, Ex. L, at 2.); 29 U.S.C. § 631(a); *see also O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308 (1996) (holding that courts may find an age discrimination claim if age is impermissibly used to replace a member of the protected class with a younger employee who is also within the protected class). The *O'Connor* Court noted that, even though both the plaintiff and his replacement may be in the protected class, the *prima face* case does require evidence sufficient to create an inference that the decision was based on age—thus, it is rarely possible for a plaintiff to establish a *prima facie* case when his replacement is only a few years younger than he is. *See O'Conner*, 517 U.S. at 312. Because Plaintiff has established his *prima facie* case based on the retention of an employee outside the protected class, the Court does not decide whether Plaintiff's *prima facie* case could have rested on the retention of three younger employees in their fifties who were only two to seven years his junior.

7

### C. KPRC has Articulated a Legitimate, Nondiscriminatory Reason for Terminating Plaintiff

Once a plaintiff has made a *prima facie* case, the burden shifts to the defendant to articulate a reason for the plaintiff's termination. *Price v. Federal Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). Here, KPRC argues that Plaintiff was terminated as a result of a reduction in force, and while he was a satisfactory employee, his performance ratings were lower than others in the department, thus making him the obvious choice if one position had to be eliminated. In a reduction in force case, "someone has to be let go," including satisfactory employees. *See Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231, 235 (4th Cir. 1991).

If a defendant meets its burden of production, "the *McDonnell Douglas* framework—with its presumptions and burdens— " disappears, and "the sole remaining issue" is "'discrimination vel non.'" *Reeves*, 530 U.S. at 142-43 (citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 510 (1993)).[3] "A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (quoting *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001)). *See also Smith v. City of Jackson, Miss.*, 544 U.S. 228, 238-240 (U.S. 2005) (endorsing disparate impact claims under the ADEA unless the employer has articulated a reasonable decision factor other than age); *Gee v. Principi*, 289 F.3d 342, 347-48 (5th

---

[3] The plaintiff may also show that the defendant's articulated reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic ("mixed motive alternative"). *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). If a plaintiff shows that discrimination was a motivating factor in a mixed-motives case, defendant must then respond with evidence that the same employment decision would have been made regardless of discriminatory motivation. *Rachid*, 376 F.3d at 312 n.8 (citing 42 U.S.C. § 2000e-2(m)).

Cir. 2002) (finding that an employer's inconsistent explanations for its employment decisions at different times may permit a jury to infer that the proffered reasons are pretextual).

Importantly, "although the presumption of discrimination drops out of the picture once the defendant meets its burden of production, the trier of fact may still consider the evidence establishing the plaintiff's *prima facie* case 'and inferences properly drawn therefrom . . . on the issue of whether the defendant's explanation is pretextual.'" *Reeves*, 530 U.S. at 143 (citing *St. Mary's Honor Center*, 509 U.S. at 510); *Burdine*, 450 U.S. at 255, n. 10. On the other hand, even if the plaintiff presents some evidence that the Defendant's legitimate non-discriminatory reason is false or a pretext, "such a showing will not always be enough to prevent summary judgment, because there will be cases where a plaintiff has both established a *prima facie* case and set forth sufficient evidence to reject the defendant's explanation, yet 'no rational factfinder could conclude that the action was discriminatory.'" *See Price v. Federal Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (citing *Reeves*, 530 U.S. at 148).

**D. Plaintiff Fails to Establish that KPRC's RIF was Pretext**

Plaintiff makes several arguments to demonstrate that the RIF was pretext. While each of these arguments is addressed below, Plaintiff has not presented evidence that age discrimination motivated KPRC's decision to terminate him and eliminate his position at KPRC. As stated in *Reeves*, occasionally a *prima facie* case combined with a showing that defendant's purported legitimate, non-discriminatory reason is pretext may support an inference of discrimination. *See Reeves*, 530 U.S. at 148. This, however, is not such a case. Plaintiff presents no evidence of discrimination through age-related remarks or

policies specifically designed to encourage a younger work force. *See, e.g., Brown v. CSC Logic, Inc.*, 82 F.3d 651, 654 (5th Cir. 1996); *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 352 -355 (5th Cir. 2005). In addition, although all of the remaining employees in the audio division were younger than Plaintiff, the fact that three of the remaining four employees in the division were only two to seven years younger than he was does not suggest an inference that age discrimination played a role in the decision. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. at 312 (noting that when a person's replacement is only a few years younger than he is, this is very thin evidence and unlikely to create a *prima facie* case of age discrimination). One former coworker does allege that one of Plaintiff's supervisors "treated [Plaintiff] and other older KPRC employees—such as myself—in a condescending manner." (Doc. No. 25, Ex. CC.) This claim, however, unsupported by any other evidence, is insufficient to establish age-related discrimination. The conclusory allegations of a plaintiff or his coworkers regarding whether age discrimination occurred are accorded little weight. *See Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 151-152 (5th Cir. 1995); *Little v. Republic Refining Co., Ltd.*, 924 F.2d 93, 96 (5th Cir. 1991).

In support of his claim of pretext, Plaintiff first argues that there was no RIF because KPRC eliminated less than one percent of its positions, subsequently hired new employees, and made large capital investments. An age discrimination claim, however, is not a proper method for challenging KPRC's business decisions. *See, e.g., Walton v. Bisco Industries, Inc.*, 119 F.3d 368, 370 (5th Cir. 1997). Plaintiff has not refuted KPRC's evidence that it was having financial difficulties. Whether or not its RIF and subsequent decisions to make large capital outlays and hire new employees in other

10

departments were wise methods of cutting costs is outside the purview of this Court. The ADEA does not require that a business lose money before it takes legitimate action, including firing employees, to try to improve its financial prospects. *See Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d at 151-52. Plaintiff has acknowledged that several other employees were terminated at the same time he was. While the RIF appears to have been small, whether or not it was a good business decision, or effective in achieving the desired results, does not prove it did not occur. Plaintiff has not provided sufficient evidence to create a material fact issue as to the existence of an RIF.

Secondly, Plaintiff claims that there was no bona fide RIF because KPRC replaced him with Employee B (age 43) who was hired several months later. On August 24, 2006, KPRC advertised an opening for an "Operating Technician," a position for an employee whose responsibilities would occasionally include audio operations. (Sealed Doc. No. 26, Ex. B, at 288-94.) After he was hired in August 2006 to fill this position, Employee B took over some audio operations duties. Plaintiff argues that, as the fifth de facto "audio engineer," Employee B was hired as his replacement. While, as Plaintiff explains, KPRC admitted that Employee B may take over some audio operations duties during his tenure, he was hired to take over master control operations; audio operations were only an incidental part of his job. (Sealed Doc. No. 26, Ex. B, 288-94.) KPRC intended to encourage its employees to take on diverse responsibilities. (Sealed Doc. No. 20, Ex. C, 31.) Plaintiff has presented no evidence to suggest that Smith's responsibilities substantially overlapped with Plaintiff's former roles at KPRC, and Plaintiff was not trained as a master switcher. (Sealed Doc. No. 26, Ex. B, 292-93.)

Thirdly, Plaintiff argues that Employee A (then, aged 36) replaced him when he took over some of Plaintiff's maintenance duties. (Doc. No. 25, Exs. BB & H) An employee, however, is not replaced when some of his duties are redistributed to existing employees who perform these tasks in addition to their other duties. *Pilcher v. Continental Electronics Corp.*, 121 F.3d 703, 1997 WL 450078, *3-4 (5th Cir. 1997) (citing *Barnes v. GenCorp., Inc.*, 896 F.2d 1457, 1465 (6th Cir.1990)).

Fourth, Plaintiff asserts that the department heads used subjective criteria to decide which positions to cut, and such criteria provide evidence of pretext. Prior to the RIF, General Manager Blackerby told the department heads to "grade" their employees using the A-F system. A court may not decide that a plaintiff failed to establish a *prima facie* case of discrimination because he fell short of an employer's wholly subjective standards. *See Lindsey v. Prive Corp.*, 987 F.2d 324 (5th Cir. 1993) (finding that evaluating an employee's qualifications under subjective standards for purposes of a *prima facie* case would collapse the *McDonnell Douglas* standard into one step); *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 681 (5th Cir. 2001). Subjective standards, such as grading an employee's overall performance compared to his peers, however, may establish a legitimate, non-discriminatory reason for the adverse employment action. *See Lindsey*, 987 F.2d at 327. And, while KPRC's grading system did allow subjective factors to underpin part of the department heads' decisions, the fact that the criteria were subjective, without other evidence of discrimination, is not reason enough to support a finding of pretext. *See Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874, 882 (5th Cir. 2003); *Payne v. Southwestern Bell Telephone, L.P.*, 562 F.Supp.2d 780, 785 (E.D.Tex. 2005). Even the incorrect beliefs of an employer regarding an employee's

performance are inadequate to support a finding that an employer's nondiscriminatory reason for firing him is pretext. *See Martin v. Kroger Co.*, 65 F.Supp.2d 516, 553-554 (S.D.Tex. 1999).

Fifth, Plaintiff argues that KPRC did not treat age neutrally because older employees were disparately impacted during the RIF in 2006. Specifically, he explains that 80 percent of those employees terminated in 2006 (four employees out of five) were over 50 whereas only 30 percent of the entire KPRC workforce is over 60. Disparate impact claims are recognized under the ADEA. *See generally Smith v. City of Jackson*, 544 U.S. 228. Plaintiff, however, does not include the part-time employees whose jobs were eliminated during the spring of 2006, both of whom were under 30.[4] More importantly, Plaintiff does not address the specific employment practice that created the alleged statistically significant disparities. *See Smith v. City of Jackson*, 544 U.S. 228 at 241 (finding no evidence of discrimination where the plaintiffs did not identify any specific test, requirement, or practice within the challenged pay plan that had an adverse impact on older workers). Nor does he account for possible nondiscriminatory variables such as performance evaluations and rankings within the department. *See Rea v. Martin Mariettta Corp.*, 29 F.3d 1450, 1456 (10th Cir. 1994).

Sixth, Plaintiff argues that he has established that the RIF was not bona fide because KPRC violated the terms of the collective bargaining agreement ("CBA") between The Radio and Television Broadcast Group and KPRC because it did not consider seniority when it implemented the RIF. (Doc. No. 25, Ex. T.) In addition, Plaintiff alleges KPRC did not provide him any negative employment evaluations or take

---

[4] If the calculation includes part-time employees whose positions were eliminated, 58 percent of those employees terminated were over 50.

13

disciplinary action prior to his termination as required under the CBA. While courts find evidence of discrimination when a company departs from a standard policy, there must be a nexus between the departure and the employee's age. *See Tyler Union Oil Co.*, 304 F.3d 379, 396-97 (5th Cir. 2002) (finding evidence that could support a jury's inference of pretext where employer claimed firing decisions were based on employee performance but was not familiar with the employees' job performance). For example, this nexus may stem from arbitrary application of the standard policy such that younger employees are categorically treated differently. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 346 (5th Cir. 2007) (quoting *Upshaw v. Dallas Heart Group*, 961 F.Supp. 997, 1002 (N.D.Tex. 1997)). There is no evidence here of disparate application of the requirements of the CBA. Second, it is not clear from the evidence presented that KPRC departed from the CBA in terminating Plaintiff. In terminating employees, the CBA requires KPRC to take into account seniority as well as "the individual qualifications of the employee to perform the work in question, and the efficient operation of the Company." (Doc. No. 25, Ex. T.) From Plaintiff's job evaluations and the results of the A-F ranking system, it appears that his termination was based on individual qualifications that outweighed seniority. Further, Plaintiff provides no evidence that KPRC should have initiated disciplinary action triggering the notice requirements. (Doc. No. 25, Ex. T.)

Finally, Plaintiff asserts that he was clearly more qualified than the four audio engineers who were retained past the date of his termination. His evidence includes his experience of 35 years at KPRC compared to Employee A with only 11 years experience, and testimony and affidavits from coworkers at the station. To establish pretext under this "clearly qualified" theory, the Plaintiff must present substantial evidence to support his

14

claim that he was clearly better qualified than those employees retained to create an inference that the employer must have discriminated against him in firing him. *See Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 357 (5th Cir. 2001). The Supreme Court has also noted that "qualifications evidence may suffice, at least in some circumstances, to show pretext." *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006) (declining to "define more precisely what standard should govern pretext claims based on superior qualifications," but rejecting the Eleventh Circuit's interpretation that "[p]retext can be established through comparing qualifications only when the disparity in qualifications is so apparent as virtually to jump off the page and slap you in the face.") In some cases, evidence of more experience may provide evidence of pretext. *See, e.g., Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 683 (5th Cir. 2001) (finding evidence of pretext where alleged poor performance occurred after the hiring decision, plaintiff had substantially more experience, and supervisors made age-related remarks related to the hiring decision).

Plaintiff offers the affidavits of several of his former coworkers in which they state that, because of Plaintiff's excellent work over the years, the decision to terminate Plaintiff was motivated by his longevity (Doc. No. 25, Exs. D, E, F), or age (Doc. No. 25, Ex. BB). These affidavits do not support a finding of age discrimination for two reasons. First, seniority and longevity are not protected traits under the ADEA, and even though they are often correlated with age, seniority and age discrimination are unrelated. *See Amburgey*, 936 F.2d at 813 (citing *Williams v. General Motors Corp.*, 656 F.2d 120, 130 n. 17 (5th Cir. 1981)). Second, the beliefs of fellow employees and even supervisors, who did not make the employment decision that adversely affected the plaintiff, are

15

insufficient evidence of pretext. *See, e.g., Ortega v. GTE Corp.*, No. 97-50903, 1998 WL 546540, *3 (5th Cir. Aug. 14, 1998); *Molnar v. Ebasco Constructors, Inc.*, 986 F. 2d 115, 119 (5th Cir. 1993); *Martin v. Kroger Co.*, 65 F.Supp.2d 516, 553-554 (S.D.Tex. 1999). While several of those providing affidavits held KPRC supervisory positions (Doc. No. 34, at 4-6), they did not hold the relevant decision-making power over Plaintiff, and, thus, their statements are also considered irrelevant to the discriminatory nature of the decision to fire Plaintiff. *See, e.g., Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d at 151-152; *Little v. Republic Refining Co., Ltd.*, 924 F.2d at 96.

Plaintiff was not clearly more qualified than his audio division coworkers. In 2006, Plaintiff received the lowest "grade" in his department and had received the lowest performance ratings among the audio engineers in the years preceding his termination. Plaintiff's supervisor explained that he had reasons to believe that Plaintiff while Employee A was less skilled in audio maintenance than Plaintiff, Employee A was more skilled in technical audio operations. (Sealed Doc. No. 26, Ex. B.) Another manager found Plaintiff's work much more error prone than other operators on staff. (Doc. No. 25, Ex. F, 125-26.) The assertions of Plaintiff's coworkers that he was the best employee in the audio engineering department, and that his absence left a void, are insufficient to allow the Court to find that KPRC's RIF was a pretext for age discrimination.

Because the Court finds no evidence of age discrimination, it does not address Plaintiff's claim that the alleged age discrimination was willful.

## IV. ERISA

Plaintiff presented no summary judgment evidence to support the alleged violations and did not discuss his ERISA claims in either the response or surreply to

Defendant's Motion for Summary Judgment. (Doc. Nos. 26 & 32.) Therefore, the Court will consider the ERISA claims withdrawn.

## V. DEFENDANT'S OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

The Court did not rely on the conclusory and subjective assertions of age discrimination contained in the affidavits of Plaintiff's coworkers and former coworkers for the reasons noted above. *See supra* III.D. To the extent that they apply to these statements, Defendant's objections should be granted.

## VI. CONCLUSION

Defendant KPRC's Motion for Summary Judgment, (Doc. No. 20, redacted version Doc. No. 36), is **GRANTED**. Defendant KPRC's Objections to Plaintiff's Summary Judgment Evidence (Doc. No. 30) is **GRANTED IN PART** and **DENIED AS MOOT IN PART**. Plaintiff's claims against Defendant KPRC are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

**SIGNED** this 23rd day of October, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE